**Richmond**

SHERIDAN ANNE MACKIE

v.

GERALD KYLE HILL

No. 0434-92-2

Decided April 13, 1993

COUNSEL

Larry D. Catlett (Jane Chittom; Catlett and Kaplan, on brief), for appellant.

Daniel Koliadko, Jr. (Edward D. Barnes; Englisby, Barnes, Hennessy & Englisby, on brief), for appellee.

OPINION

**ELDER, J.**—Sheridan Anne Mackie, formerly Sheridan Anne Hill, appeals from the circuit court's determination that her former husband is not obligated to maintain health insurance coverage for her. Appellee contends that appellant is barred from presenting this assignment of error, first, because she failed to file timely her appeal bond in accordance with Code § 8.01-676.1 and Rule 5A:16(a)[1] and, second, because the statement of facts filed in lieu of a transcript does not reveal whether she properly preserved it for appeal by making a contemporaneous objection to the trial court's ruling. Appellant also argues that the trial court erred in failing to enforce the incorporated provision of the property settlement agreement requiring that appellee maintain health insurance for appellant, although no specific reference was made to insurance in the decree itself. For the reasons set forth below, we reverse the ruling of the trial court and remand this case for further proceedings.

The parties entered into a Property Settlement Agreement on December 16, 1988, in which husband agreed to maintain his current hospitalization coverage and medical insurance on his wife and daughter. The parties were divorced by final decree entered February 4, 1991. Pursuant to the requirements of Code § 20-60.3, paragraph 8 of the decree expressly provided that husband would be responsible for maintaining health insurance coverage for the parties' minor daughter. Although the decree contained no express provision regarding continuation of medical insurance for wife, it incorporated and ratified the terms of the property settlement agreement.

In June 1991, wife filed a petition seeking to compel husband to maintain health insurance coverage for her. The hearing on this motion was not transcribed. By order entered February 4, 1992, the trial

---

[1] Appellee's motion to dismiss on this issue was denied by this Court's order dated August 31, 1992, thus resolving this issue.

court ruled that husband was not obligated to carry health insurance on wife because "the divorce decree did not make specific reference to said . . . coverage as enumerated under the provisions of Virginia Code Section 20-60.3." In so holding, the court reasoned that "the incorporation, in general terms, was superseded by the incorporation in specific terms with respect to the terminology concerning health insurance contained in the section of the Final Decree concerning Section 20-60.3." Appellant's Written Statement of Facts submitted in lieu of a transcript does not reveal whether appellant made any specific objections to the trial court's ruling, and the final order of February 4, 1992, as signed by counsel for appellant, reads only "Seen and objected to" without specifying any grounds for the objection.

## I.

Appellee contends that our consideration of this appeal is barred based on the failure of the statement of facts to show that appellant made a specific contemporaneous objection to the trial court's ruling. We conclude, however, that this appeal is not barred by Rule 5A:18. Although the statement of facts submitted in lieu of the transcript contains no mention of any objection to the trial court's ruling, the final order of February 4, 1992, as signed by counsel for appellant, reads "Seen and objected to." Although counsel failed to include any specific grounds for the objection, as is generally required by Rule 5A:18, *Lee v. Lee*, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc), the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection. Accordingly, we hold that Rule 5A:18 was met in this case and that we may consider the merits of appellant's assignment of error. *See, e.g., Wiedman v. Babcock*, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (making objections known to court through some form of written correspondence also sufficient to preserve issue for appeal).

## II.

We also hold that the trial court erred in failing to enforce the provision of the property settlement agreement requiring that appellee maintain health insurance for appellant even though the specific language requiring the health insurance for appellant was not recited in the decree itself. An analysis of the relevant statutes and case law makes clear that the trial court's ruling was erroneous based on both contract law and the court's power to enforce its own orders through contempt proceedings.

██ "Code § 20-109.1 provides that a court may affirm, ratify and incorporate by reference in its decree any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties . . . and the care, custody and maintenance of their minor children." *Rodriguez v. Rodriguez*, 1 Va. App. 87, 90, 334 S.E.2d 595, 596 (1985). That statute also expressly permits a court to incorporate only selected provisions of the agreement if it so desires. *Id.* Although incorporation in whole or in part is not mandatory, "[w]here the court does . . . incorporate the agreement or provisions thereof, it shall be deemed for all purposes to be a term of the decree and enforceable as such . . . by the contempt power of the court." *Id.* at 90, 334 S.E.2d at 597 (citing *Morris v. Morris*, 216 Va. 457, 459, 219 S.E.2d 864, 866-67 (1975)). Even if not incorporated, however, the agreement is still enforceable as a contract. Here, the divorce decree incorporated the property settlement agreement and addenda without specific exception. Although a court may incorporate only portions of a settlement agreement, we hold that the language used in this case served to incorporate the entire property settlement agreement without exception.

The trial court concluded and appellee argues that the specific reference elsewhere in the decree to health care coverage for the parties' minor child, without mention of coverage for appellant, served to negate the more general language of incorporation of the entire decree. Appellee asserts that Code § 20-60.3 required inclusion in the decree of information pertaining to the provision of health care coverage, if any, for the parties' minor child and the former spouse. Assuming this to be true, we conclude that the requirement was met through the incorporation of the settlement agreement, which referred specifically to coverage for both the child and appellant. The repetition of this information in the divorce decree as it pertained to the child but not to appellant does not mandate the conclusion reached by the trial court — that the parties intended to omit coverage for appellant. The paragraph pertaining to coverage for the child was included in the portion of the decree noting a change in the amount of monthly child support to be paid appellant. As the parties made no adjustments to their prior agreements concerning spousal support, no logical reason existed for repeating the requirement of health care coverage for appellant in the final divorce decree. By incorporating the agreement and addenda, the divorce decree satisfied the requirements of Code § 20-60.3. We do

not decide the issue whether, under the incorporated terms of the property settlement agreement, husband's obligation to maintain health insurance for wife continues after remarriage.

For the aforementioned reasons, we reverse the ruling of the trial court and remand this case for further proceedings consistent with the opinion.

*Reversed and remanded.*

Barrow, J., and Moon, J., concurred.