COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


JACK MICHAEL NELSON

                                             MEMORANDUM OPINION*

v.      Record No. 0683-03-2                    PER CURIAM
                                            OCTOBER 28, 2003

PETERSBURG DEPARTMENT OF
 SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

(Edie T. Conley, on brief), for appellant.

(Joan M. O'Donnell, on brief), for appellee.

(George F. Marable, III, on brief), Guardian *ad litem* for the infant children.


Jack Michael Nelson appeals the decisions of the trial court terminating his residual parental rights to his four children.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decisions of the trial court. See Rule 5A:27

Procedural Background

A written statement of facts in lieu of a transcript establishes that Jack Michael Nelson is the father of four children who were born June 16, 1997, November 3, 1998, January 30, 2000, and June 20, 2001.

On September 26, 2001, the Petersburg Department of Social Services filed petitions in the juvenile and domestic relations district court pursuant to Code § 16.1-228, alleging the children were abused and neglected.  The juvenile court entered emergency orders removing the

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

children from the home and awarding temporary custody to the Department. The juvenile court later found that the neglect and abuse suffered by the children presented a serious and substantial threat to their life, health or development. Upon the Department's application, the juvenile court approved foster care service plans for the children with the goal of returning the children to the home. Ten months later, the Department petitioned the juvenile court to terminate father's residual parental rights. The juvenile court granted the petitions.

Father appealed the orders to the circuit court. Following a trial *de novo*, the trial court entered orders terminating father's residual parental rights to each child. In each order, the trial court recited evidence it considered pertinent to that specifically named child, including recommendations from the children's guardian *ad litem* and Court-Appointed Special Advocate in support of termination. The trial court made the following findings and rulings in each of the four orders:

> 9. The neglect or abuse suffered by this child presented a serious and substantial threat to his life, health or development. This Court specifically finds that it is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his father within a reasonable period of time.

> 11. This Court specifically finds that the father, without good cause, has been unwilling or unable within a reasonable period of time to remedy substantially the conditions which led to or required continuation of the child's placement in foster care.

The trial court also found that father subjected the children to aggravated circumstances. In paragraph 12 of the orders involving two of the children, the trial court stated:

> The Court specifically finds that the father has subjected the child to aggravated circumstances. The conditions in the home evinced a wanton or depraved indifference to human life. In addition, this child was living in the home when two other children of the father also living in the home were subjected to chronic abuse by starvation, placing their health, safety and welfare at risk and resulting in serious bodily injury.

In paragraph 12 of the orders for the other two children, the trial court stated:

> The Court specifically finds that the father has subjected the child to aggravated circumstances. The conditions in the home evinced a wanton or depraved indifference to human life. In addition, this child and a sibling were subjected to chronic abuse by starvation, placing their health, safety and welfare at risk and resulting in serious bodily injury.

The trial court found "it is in the best interests of the child to terminate the father's residual parental rights in order to provide the child with a safe and permanent placement." Father's attorney signed each order "SEEN AND OBJECTED TO."

## Issues Preserved and Issues Raised on Appeal

In his opening brief, father presented two questions: (1) whether the trial court committed reversible error by finding that the Department "produced clear and convincing evidence, pursuant to Code § 16.1-283, to support termination as to his four children"; and (2) whether the trial court committed reversible error by finding that father "without good cause, had been unwilling or unable within a reasonable period of time to remedy substantially the conditions which led to or required continuation of the children's placement in foster care."

In the argument portion of his brief, father contends that "due to [his] lengthy period of incarceration at Riverside Regional Jail, he did not have adequate opportunity to substantially remedy the conditions that led to or required continuation of his four children's placement in foster care." He further asserts that the "trial court erred in finding that the Department met [its] evidentiary burden" to support termination under Code § 16.1-283. Specifically, he contends he "followed through with available rehabilitative efforts both during his incarceration and upon his release, prior to his hearing in February 2003."

## Discussion

Code § 16.1-283 provides multiple bases upon which a trial court may terminate a parent's residual parental rights. A close reading of the trial court's orders reflects that it found

sufficient evidence to terminate father's residual parental rights under subsections (B), (C) and (E) of Code § 16.1-283.

Code § 16.1-283(B) provides that a parent's residual parental rights "may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:"

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Code § 16.1-283(C)(2) provides that a parent's residual parental rights "may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:"

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(E) provides that the residual parental rights of a parent of a child in foster care "may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . (iv) the parent has subjected any child to aggravated circumstances."

In his brief, father argued that he "made substantial progress towards fulfilling all the requirements of the Foster Care Plans," and he substantially complied with the Department's recommendations. Referring specifically to Code § 16.1-283(B), father contended the Commonwealth failed to present sufficient evidence to justify termination under that subsection.

The record, however, contains a written statement of facts that does not specify objections or grounds for objections. When the record is so deficient, "we cannot assume that appellant's objection and reasons were proffered." Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (*en banc*).

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule 5A:18. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

> Ordinarily, endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error. Such an endorsement is sufficient to satisfy Rule 5A:18 only if "the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection."

Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 926 (2000) (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)). Therefore, Rule 5A:18 bars our consideration of father's arguments on appeal.

Moreover, the trial court found alternative grounds upon which to terminate father's parental rights. See paragraph 12 in orders containing findings using language from Code § 16.1-283(E). Father did not contest these findings. In addition, testimony from Theaster Smith of the Department and Lisa Smith from the Riverside Regional Jail demonstrated that father did not timely cooperate with or participate in recommended programs and classes available to him. Thus, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we affirm the decisions of the trial court.

Affirmed.