COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Kelsey and Senior Judge Hodges


CHRISTY D. CARCAMO

                                                        MEMORANDUM OPINION[*]
v.        Record No. 2656-04-2                          PER CURIAM
                                                        MARCH 29, 2005
LOUISA COUNTY DEPARTMENT
 OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF LOUISA COUNTY
                              Timothy K. Sanner, Judge

            (John R. Maus, on brief), for appellant.

            (Deborah S. Tinsley; John R. Amos, Guardian *ad litem* for the minor
            children; Amos & Amos, on brief), for appellee.


        Christy Carcamo (mother) appeals the August 23, 2004 circuit court orders dismissing her

appeals from orders of the juvenile and domestic relations district court.  Those orders approved

foster care plans changing the goal for her two children from "return home" to "adoption."  The

court had previously terminated mother's residual parental rights in her children, and mother did

not appeal those orders.  The circuit court, upon motion of the Department of Social Services,

found that, therefore, mother's appeals of the change in foster care plans were moot.  Mother

appeals from that ruling, arguing the appeals were not moot because "the circuit court could have

granted her relief" even though her "legal status as the natural parent of these children may have

ended by virtue of the termination of her parental rights."  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mother's counsel endorsed the final dismissal orders, "Seen and Objected to." However, the written statement of facts, filed in lieu of a transcript pursuant to Rule 5A:8(c), did not recite mother's arguments or any objections she made to the trial court's rulings. The only reference in the record of any objection indicated that the court heard "argument from counsel."

> Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. See, e.g., Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). Ordinarily, endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error. See id. at 515, 404 S.E.2d at 738. Such an endorsement is sufficient to satisfy Rule 5A:18 only if "the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection." Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993).

Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000).

Here, the written statement does not mention any motions or arguments made by counsel. It does not even note mother's general exception to the trial court's ruling. The signed endorsement of the final orders of termination indicates mother "[o]bjected to" the ruling, but does not set forth specifically the contested issues.

> Counsel may meet the mandates of Rule 5A:18 in many ways. For instance, counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument. Counsel may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. Likewise, counsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.

Lee, 12 Va. App. at 515-16, 404 S.E.2d at 738 (citations omitted).

Mother chose not to produce a transcript of the hearing. She did not file any motions arguing her position. Thus, the record before us fails to set forth the issues raised below.

> We cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal. Even assuming that the same issues were raised at trial as on appeal, we do not know if counsel stated legal reasons to support his theory or merely argued the weight of the evidence.

Id. at 516-17, 404 S.E.2d at 738-39. We cannot be certain of the basis on which mother objected to this ruling.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Finding the issue raised before this Court is procedurally defaulted under Rule 5A:18, we affirm the judgments of the trial court.

Affirmed.