COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges McClanahan and Haley
Argued at Salem, Virginia


ELLIS G. HUFFMAN

MEMORANDUM OPINION* BY
v.      Record No. 2116-04-3      CHIEF JUDGE JOHANNA L. FITZPATRICK
SEPTEMBER 27, 2005

ILEDA HUFFMAN


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Keary R. Williams, Judge

Daniel R. Bieger (Copeland & Bieger, P.C., on brief), for appellant.

Robert M. Galumbeck (Galumbeck, Necessary, Dennis & Kegley,
on brief), for appellee.


Ellis G. Huffman (appellant) appeals from the trial court's equitable distribution order

directing certain payments to Ileda Huffman (appellee). Appellant contends that the trial court

erred in setting the date for the valuation of marital assets, in finding that appellee met her

burden of proving the appreciation during the marriage of separate assets, and in awarding one

half the marital assets to appellee where the parties were married and cohabiting for less than one

year. We do not address the merits of appellant's contentions because we find that he failed to

preserve them for appeal. Accordingly, we affirm the trial court.

I. The Valuation Date

In his opening brief's "questions presented," appellant contends that the trial court erred

> when it ruled that March 27, 2002 was the appropriate date for
> valuation when it had previously ruled that the final date for
> submission of evidence was February 27, 2001, when evidentiary
> depositions were taken on August 7, 2000, December 12, 2000,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

January 5, 2001 and February 7, 2001 and the parties separated on
March 21, 1999.

Appellant cites the trial court's order of April 5, 2004 and the final page of the trial court's order of August 26, 2004 as evidence that he preserved the issue for appeal. These citations to the record do not reveal that appellant presented the trial court with the question he now presents to this Court on appeal.

By order dated April 5, 2004, the trial court set the valuation date for purposes of equitable distribution at March 27, 2002. The trial court set March 27, 2002 as the valuation date, rather than March 21, 1999 as requested by appellant, because March 27, 2002 was "the date of the last evidentiary hearing [and] is the appropriate Valuation Date for purposes of equitable distribution." Appellant simply signed the order under the heading "Requested & Objected To," with no reasons stated for the objection.

The trial court's final equitable distribution order of August 26, 2004 incorporates the trial court's opinion letter regarding equitable distribution. The trial court's opinion letter reaffirms that the date of valuation was set at March 27, 2002 by previous order. Appellant signed the trial court's August 26, 2004 order under the heading "Objected to For the Reasons Stated in the Record." Appellant's opening brief does not direct us to the place in the record where he stated the reasons for his objection, see Rule 5A:20(c) (stating that "[t]he opening brief of appellant shall contain . . . a statement of the questions presented with *a clear and exact reference* to the page(s) of the . . . record[] or appendix where each question was preserved in the trial court" (emphasis added)), and we have found no evidence in the record that appellant informed the trial court of the question he presents to us. Cf. Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (stating that generally we do "not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief").

Rule 5A:18 bars our consideration of this issue. Rule 5A:18 states that "no ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." This Court has said that the rule

> promotes the correction of error at the trial level. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991). It requires that the grounds of any objection be presented to the trial court, affording the trial judge an opportunity to consider the issues intelligently and take corrective action. Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992). The rule also prevents unfairness to the opposing party "who may have been able to offer an alternative to the objectionable ruling, but did not do so, believing there was no problem." Lee, 12 Va. App. at 514, 404 S.E.2d at 737; see also Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004). In accord with these principles, we have also stated that "the same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) (citing Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994)). A mere statement that a ruling of the trial court is "seen and objected to" is not sufficient to preserve an issue for appeal under Rule 5A:18. Lee, 12 Va. App. at 515, 404 S.E.2d at 738.

Here, the record does not reveal that appellant presented his objection to the trial court's date of valuation with the specificity required by Rule 5A:18. We accordingly will not address it on appeal.

II. Appellee's Burden of Proving the Appreciation During the Marriage of Separate Assets

Appellant contends in his second question that appellee failed to meet her burden of proving that appellant's separate property increased in value during the marriage. Specifically, appellant argues that appellee "could not have met her burden of proving the value of marital assets nor could the owning spouse have rebutted such evidence because the time for submission

of evidence expired before the relevant valuation date [of March 27, 2002]" and that there was no "evidence to prove their value on March 27, 2002." As evidence that he preserved his argument for appeal, appellant cites several pages of a brief filed with the trial court. In that brief, with regard to the business property at issue (Huffman Service Center), he contends that the "wife has not met her burden of proving appreciation and in fact the evidence shows a 'negative appreciation' of $95,000.00," with a graph showing valuation evidence for September 22, 1998, October 1, 1999 and "no evidence" for March 27, 2002. With respect to the marital home, he contends that there was no increase in value as a result of wife's efforts. He also cites the final page of the trial court's equitable distribution order of August 26, 2004 that he signed "Objected to For the Reasons Stated in the Record." "Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 926 (2000); see also Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993). We can find no additional reasons preserved in the record.

Appellant's citations to the record do not reveal that he presented the trial court with the question he now presents to us, to wit, that appellee could not have met her burden of proving appreciation because "the time for submission of evidence expired before" the March 27, 2002 date of valuation or that there was "no evidence to prove their value on March 27, 2002." Appellant's objections do not meet the specificity requirements of Rule 5A:18 because he never informed the trial court of the reasons he believed its rulings on valuation date and appreciation were incorrect. See supra Part I. Rule 5A:18 thus bars our consideration of this issue.

### III. The Award of One-Half the Marital Assets to Appellee

Finally, we hold that Rule 5A:18 also bars our consideration of appellant's last argument. Appellant argues that the trial court erred in awarding appellee one-half the marital assets where

the time between the parties' marriage and their separation was less than one year. As evidence that he presented the trial court with this objection to its ruling, he cites the brief he filed with the trial court and the final page of the trial court's August 26, 2004 equitable distribution order that he signed "Objected to For the Reasons Stated in the Record." However, these citations do not reveal that he ever argued to the trial court that its equal division of the marital assets was incorrect because the parties' marriage and cohabitation lasted less than one year. He thus deprived the trial court and appellee of the ability to intelligently respond to his objection. Copeland, 42 Va. App. at 441, 592 S.E.2d at 399. Pursuant to Rule 5A:18, we therefore will not consider appellant's question on appeal. See supra Part I.

## IV. Conclusion

We hold that appellant failed to comply with the requirements of Rule 5A:18. Accordingly, we affirm the trial court.

Affirmed.