COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


MELISSA M. WILLIAMS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2614-06-1                    JUDGE ROBERT J. HUMPHREYS
                                                         OCTOBER 9, 2007
KENNETH L. WILLIAMS


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Alfred M. Tripp, Judge

Barry R. Taylor (Claude M. Scialdone; Scialdone & Taylor, Inc., on
brief), for appellant.

Ashton H. Pully, Jr., for appellee.


Melissa M. Williams ("wife") appeals from a final decree of divorce awarding Kenneth

L. Williams ("husband") the property located at 9504 6th Bay Street ("9504") as separate

property.  On appeal, wife contends that the trial court erred in rejecting the findings of the

commissioner, which recommended the classification of 9504 as marital property.  For the

following reasons, wife's argument is barred by Rule 5A:18 and, thus, we do not address her

argument.

ANALYSIS

On appeal, wife contends that the trial court erred in rejecting the findings of the

commissioner, which recommended the classification of 9504 as 74% marital property, and 26%

husband's separate property, and further recommended that the marital portion of 9504 be

distributed 65% to husband and 35% to wife.  Because we are unable to determine from the

_____
   [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

record before us whether wife objected to the trial court's ruling with specificity, we hold that wife's argument is not preserved for appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials." Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) (citing Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*)). As such, an endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error. Id. Only if "'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection'" will such an endorsement be sufficient to satisfy Rule 5A:18. Id. (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)).

In this case, wife endorsed the final divorce decree, "seen and objected to for reasons previously stated." However, wife failed to provide this Court with a specific objection regarding the equitable distribution of 9504. The record lacks a transcript of the commissioner's hearing, a transcript of the oral argument made to the trial court regarding the parties' exceptions to the commissioner's recommendation, or any stipulations of written or oral arguments made in objection to the trial court's final decision. In essence, the record does not contain any information to assist us in determining whether wife ever preserved the issue she now asserts on appeal. Accordingly, even though wife has stated "seen and objected to *for reasons previously stated*," without a transcript of the hearing, or any other record of the specific objection, we

cannot say that wife sufficiently alerted the trial court to her claimed error. Thus, we must hold that pursuant to Rule 5A:18, wife failed to adequately preserve this issue for appeal.

CONCLUSION

For the reasons stated, we hold that wife's appeal is procedurally barred by Rule 5A:18. Accordingly, we do not address her argument, and affirm the judgment of the trial court.

Affirmed.