COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


LAWRENCE A. WILLIAMS

MEMORANDUM OPINION[*]
v.       Record No. 1127-07-3                                    PER CURIAM
                                                             NOVEMBER 20, 2007
BARBARA H. WILLIAMS


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Jonathan M. Apgar, Judge

(Melvin L. Hill; Ware & Hill, L.L.P., on brief), for appellant.

(Barry M. Tatel; Neil E. McNally; Key, Tatel & McNally, P.C., on
brief), for appellee.


Lawrence A. Williams ("husband") appeals from the circuit court's April 27, 2007 order

denying his motion for a reduction in or termination of his spousal support obligation owed to

Barbara H. Williams ("wife").  On appeal, husband contends the trial court (1) abused its discretion

in not terminating spousal support, and (2) erred in not making written findings and conclusions

identifying the factors in Code § 20-107.1 which supported the refusal to terminate spousal support.

Wife seeks attorney's fees and costs associated with this appeal.  Upon reviewing the record and

briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

I. and II.

Husband's counsel endorsed the court's order "Seen and Objected to:" and did not

particularize the basis for his objection.  The written statement of facts, filed in lieu of a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

transcript pursuant to Rule 5A:8(c), did not recite husband's arguments or any objections he

made to the trial court's rulings.

> Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. See, e.g., Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). Ordinarily, endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error. See id. at 515, 404 S.E.2d at 738. Such an endorsement is sufficient to satisfy Rule 5A:18 only if "the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection." Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993).

Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000).

The written statement does not mention any motions or arguments made by counsel. It

does not even note husband's general exception to the trial court's ruling. The signed

endorsement of the final order indicates husband "[o]bjected to" the ruling, but does not set forth

specifically the contested issues.

> Counsel may meet the mandates of Rule 5A:18 in many ways. For instance, counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument. Counsel may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. Likewise, counsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.

Lee, 12 Va. App. at 515-16, 404 S.E.2d at 738 (citations omitted).

Husband chose not to produce a transcript of the hearing. He did not file any motions

arguing his position. Thus, the record before us fails to set forth the issues raised below.

> We cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to

- 2 -

consider his or her issues on appeal. Even assuming that the same issues were raised at trial as on appeal, we do not know if counsel stated legal reasons to support his theory or merely argued the weight of the evidence.

Id. at 516-17, 404 S.E.2d at 738-39. We cannot be certain of the basis on which husband objected to this ruling.

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Finding the issues raised before this Court are procedurally defaulted under Rule 5A:18, we affirm the judgment of the trial court.

III.

Wife requests this Court award attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the husband's case presented questions that were not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to wife and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, including any attorney's fees and costs incurred at the remand hearing, and any reasonable attorney's fees and costs of collection, if necessary.

Affirmed and remanded.