COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judge Haley and Senior Judge Coleman


ALFRED M. DUCHARME

                                                          MEMORANDUM OPINION[*]
v.       Record No. 1698-08-4                                 PER CURIAM
                                                          FEBRUARY 10, 2009
MARILYN J. MILLER, F/K/A
  MARILYN M. DUCHARME


                       FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                Jane Marum Roush, Judge

                (John Gotfrid Francis, on brief), for appellant.

                (Marc A. Astore, on brief), for appellee.


        Alfred M. Ducharme (father) appeals the circuit court's order regarding contempt charges

and ongoing child support.  Father argues that the trial court erred in (1) allowing the mother to seek

child support for a child who is no longer a minor when that issue was not properly before the court

and (2) using a rule to show cause to bring a new issue before the court, i.e. continuing child

support.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

                                        BACKGROUND

        Father and Marilyn Miller, formerly Marilyn M. Ducharme (mother), were divorced on

September 15, 1998.  They have three children, one of whom is disabled.  That child, J., turned

nineteen years old on September 9, 2007, and attended high school at the time of the hearing.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties entered into a Separation and Property Settlement Agreement on September 12, 1997 (the agreement). Among other items, the agreement details the parties' child support arrangement. Paragraph 7 of the agreement provided as follows:

> We further agree that child support may be continued for any child over the age of nineteen (19) who is severely and permanently mentally or physically disabled and unable to live independently and support herself, and who resides with the custodial parent.

The final decree affirmed, ratified and incorporated the agreement. The amount of child support for the three children was $1,113 per month. After the oldest two children reached majority age, the parties agreed that father would pay mother $320.16 bi-weekly for J.'s child support. Father continued to pay that amount until January 14, 2008, four months after J. turned nineteen years old. On February 20, 2008, mother filed an Affidavit and Petition for Issuance of a Rule to Show Cause for father's failure to pay child support. The trial court entered a rule to show cause on February 27, 2008, and held a hearing on June 16, 2008. At the hearing, the trial court held that the child support shall continue because J. is severely and permanently mentally and physically disabled, unable to live independently, and resides with mother. The court also ordered father to pay a portion of mother's fees and costs, as well as sums for uncovered medical expenses and child support arrears. The trial court withheld a finding of contempt. Father objected to the order because he said that there was no motion before the court to continue child support or determine that J. was severely and permanently disabled. At no time did father contest whether J. was disabled, but he questioned some of mother's choices concerning J. and her future. Father timely noted his appeal.

ANALYSIS

Father argues that the trial court erred in allowing mother to seek child support for J. when that issue was not properly before the court.

Code § 20-124.2(C) states: "The court may also order the continuation of support for any child over the age of 18 who is (i) severely and permanently mentally or physically disabled,

- 2 -

(ii) unable to live independently and support himself, and (iii) resides in the home of the parent seeking or receiving child support."

Father contends he did not have proper notice that permanent child support was sought for J. when mother sought a rule to show cause against father.[1]  However, mother's petition for show cause indicates that J. is over nineteen years of age.  In her petition, mother cites paragraph 7 of the parties' agreement extending child support beyond nineteen years of age and tracks the language of Code § 20-124.2(C) by stating that J. is "severely and permanently mentally or physically disabled and unable to live independently and support herself."  Mother sought a show cause because father stopped paying child support for J. after January 14, 2008, four months after J.'s nineteenth birthday.  Clearly, the issue of continuing child support was before the court.

Father next argues that mother incorrectly used the rule to show cause as a way of continuing child support.  The trial court ruled that "the rule to show cause is a perfectly appropriate method to bring this dispute on for the court."

Paragraph 7 of the parties' agreement states that child support may continue for a child who is severely and permanently physically and mentally disabled.  There is no question that J. is disabled.  J. suffered from encephalitis when she was five years old, which left her comatose for ten days and caused her to have fifty-two seizures in three weeks.  As a result of the encephalitis, she now has epilepsy.  She also has limited fine motor skills and poor short term memory.  She is immature.  She functions at a second or third grade level for math, at a third to fourth grade level

---

[1] Mother argues that father's argument regarding lack of notice is barred by Rule 5A:18 because he did not preserve the argument at the trial court level.  However, father noted his objection to the order because he said that the motion for child support was not before the court and he argued that the child's eligibility for child support is a different matter from the show cause.

for reading, and at a fourth grade level for writing. Her mother, doctor, and teachers described her limited ability and testified that she could not be self-supporting or live by herself.

Father contends the final decree does not provide for continued child support for J. unless there was a further order of the court. Father argues that although the agreement was ratified, confirmed, approved, and incorporated into the final decree, paragraph 7 was not incorporated into the final decree because the final decree states that the agreement is incorporated, "except as otherwise provided herein." Father argues that because the amount of child support changed and paragraph 7 was not specifically included in the final decree, that paragraph 7 did not become part of the final decree.

A final decree does not need to reiterate every detail of the separation agreement when the agreement is incorporated into the final decree. See Mackie v. Hill, 16 Va. App. 229, 231-32, 429 S.E.2d 37, 38-39 (1993) (the court held that husband was obligated for health insurance coverage for wife and the child because the parties' agreement was incorporated into the final decree, even though the final decree only mentioned health insurance coverage for the child). "Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree." Code § 20-109.1.

The final decree did not exclude paragraph 7 of the parties' agreement; therefore, it was part of the final decree. Father's failure to continue to pay child support led to mother's petition for a rule to show cause. When the court heard the hearing on the rule to show cause, it had to determine whether father was in contempt by not continuing to pay child support pursuant to the parties' agreement. Therefore, the court had to determine whether child support for J. should continue according to the parties' agreement and Code § 20-124.2(C).

CONCLUSION

The trial court did not err in continuing the child support for J. by addressing the matter while considering mother's petition for a rule to show cause.

Affirmed.