COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Frank, Huff and Senior Judge Haley

KERRY O'BRIEN SMITH

v.       Record No. 1018-13-2

JAMES B. SMITH, III

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 3, 2013

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge

(Kerry O'Brien Smith, *pro se*, on briefs).

(Lawrence D. Diehl; Brandy M. Poss; Barnes & Diehl, P.C., on
brief), for appellee.

Kerry O'Brien Smith (mother) appeals a custody and visitation order. She contends the

trial court erred in (1) relying on a "flawed custody evaluation" and violating her Fifth

Amendment rights by "depriving the Appellant of life and liberty without due process, equal

protection and non-discriminatory practices based on gender"; (2) "punishing the Appellant for

her belief and knowledge that the Appellee committed domestic violence and child abuse";

(3) "failing to preserve the rights of the Appellant to the care, custody, and nurture of their

children"; and (4) "severely limiting the Appellant's civil rights to move about freely and

assemble in public places for volunteerism and citizenship in government spaces" by prohibiting

her from attending the children's extracurricular activities and sporting events and from

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

volunteering at the children's school during school hours. For the following reasons, we summarily affirm the trial court's rulings.[1]

The parties divorced on September 30, 2011.[2] Mother and father have three children. In January 2013, mother filed a motion to amend custody and visitation, and father filed a motion to amend visitation. On March 22, 2013, the trial court heard the parties on their respective motions. The trial court awarded sole legal and physical custody to father and established a visitation schedule for mother. The trial court also found that mother's "presence at the children's school and pre-school has been disruptive and has precluded the children from socializing with other children." As a result of that finding, the trial court restricted mother's presence at the school, bus stop, and extra-curricular activities. On May 16, 2013, the trial court entered a final custody and visitation order. Mother's counsel endorsed the order as "seen [and] objected to by client generally."

A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). An endorsement of "seen and objected to," however, is sufficient "if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)). Here, however, the trial court made numerous rulings regarding custody and visitation. The rulings were not "narrow enough to make obvious the basis" of appellant's general objection to the order. Id.

---

[1] Father's brief includes a motion to dismiss and motion for summary disposition. Mother filed a response in opposition. We deny father's motion to dismiss.

[2] Mother previously appealed the final decree of divorce and the trial court's rulings regarding grounds for divorce, custody, visitation, equitable distribution, spousal support, child support, attorney's fees, and the guardian *ad litem*'s fees. See Smith v. Smith, No. 2069-11-2 (Va. Ct. App. Oct. 2, 2012).

In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Lee, 12 Va. App. at 515, 404 S.E.2d at 738. At the conclusion of the evidence, mother's counsel made no motion to strike and agreed to submit the evidence to the trial court without closing argument. Mother did not file a motion to reconsider or a motion to set aside the verdict. Mother's general objection to the final order did not preserve her issues for appeal.

In addition, mother did not comply with Code § 8.01-384(A) to preserve her arguments for appeal. "Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal." Code § 8.01-384(A). As noted above, mother did not make a closing argument or file any post-trial pleadings or memorandum. Her only objection to the trial court's ruling was a general "seen and objected to."

Furthermore, mother did not comply with Rule 5A:20(c), which requires that an appellant include "a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Mother filed an "errata sheet" in which she included page numbers of the appendix that supposedly related to her assignments of error. However, the references did not show the exact location where mother preserved the issues and objected to the ruling; instead, she cited to pages of witnesses' testimony and the trial court's ruling.

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Mother's request for reimbursement of costs associated with the appeal is denied.

Father asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed

and considered the entire record in this case, we hold that father is entitled to a reasonable amount of attorney's fees and costs incurred in this appeal. We remand this case to the trial court for a determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>