UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Alston, Chafin and Senior Judge Haley

ZORIJA CASTILLO

MEMORANDUM OPINION*
v.      Record No. 0859-17-3                                    PER CURIAM
                                                               NOVEMBER 14, 2017
CATHERINE BELL

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Anita D. Filson, Judge

(Melvin L. Hill, on brief), for appellant.

(Robin J. Mayer; Blue Ridge Legal Services, on brief), for appellee.


Zorija Castillo appeals an order denying her petition to set aside the adoption of her two

children.  Castillo argues that the "trial court erred in finding that the appellee did nothing to prevent

appellant from learning of her petition for adoption."  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

BACKGROUND

Castillo is the biological mother to two children, born in 2004 and 2005.  In 2006, the

Roanoke City Juvenile and Domestic Relations District Court removed the children from

Castillo's custody due to abuse or neglect.  In 2007, the children were placed in the custody of

Catherine and Fleming Bell, the children's paternal grandparents.  In 2009, the Bells moved from

Roanoke City to Rockbridge County.  They provided notice of the change of address to the

Roanoke City Juvenile and Domestic Relations District Court, but asked that their address be

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

kept under seal. Castillo also asked the Roanoke City Juvenile and Domestic Relations District Court to keep her address confidential. On March 11, 2010, the Bells filed a petition for adoption of the children. The Bells proceeded by order of publication in a newspaper in Rockbridge County. The final order of adoption was entered on June 21, 2010.

On April 4, 2016, Castillo filed a petition to set aside the adoption. She alleged that she was never served with notice of the adoption proceeding and that she did not consent to the adoption. A hearing was held on April 14, 2017. Castillo testified that she learned of the adoption in 2010. On May 2, 2017, the trial court entered a final order denying Castillo's petition to set aside the adoption. The final order includes the trial court's findings, including that there was no evidence of fraud on the part of Catherine Bell[1] and that she did nothing to prevent Castillo from learning about the adoption. The trial court further found that it was "not appropriate" to set aside the adoption that was granted more than six months ago. This appeal followed.

ANALYSIS

Castillo argues that the trial court erred in finding that Bell "did nothing to prevent [Castillo] from learning of her petition for adoption."

Castillo endorsed the final order as "Seen and objected to" without further explanation. She did not file any post-trial motions. The written statement of facts does not include the parties' closing arguments or objections to the trial court's ruling.

A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*). An endorsement of "seen and objected to," however, is sufficient "if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Herring v. Herring, 33 Va. App. 281, 286,

---

[1] Fleming Bell was deceased at the time of April 14, 2017 hearing.

532 S.E.2d 923, 927 (2000) (quoting <u>Mackie v. Hill</u>, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)).

As noted above, the trial court made several findings in its final order.  Castillo chose to appeal only one of those findings.  The trial court's ruling was not narrow enough to "make obvious" Castillo's objection.  <u>Id.</u>

Moreover, even if we were to assume that Castillo preserved her argument for appeal, the record proves that the adoption was finalized on June 21, 2010, and Castillo was aware of the adoption in 2010.  Despite learning of the adoption in 2010, she did not file a petition to set aside the adoption until 2016.  Code § 63.2-1216 prevents Castillo from attacking the final order of adoption.[2]  However, in <u>F.E. v. G.F.M.</u>, 35 Va. App. 648, 547 S.E.2d 531 (2001) (*en banc*), this Court found that the grandmother acted fraudulently and that Code § 63.2-1216 was unconstitutional in light of the facts in that particular case.  Here, the trial court found that there was no evidence of fraud on the part of Catherine Bell, and appellant did not appeal this finding.  Consequently, the trial court did not err in finding that it was "not appropriate to set aside the adoption granted on June 21, 2010."

Catherine Bell requests an award of "attorney's fees to her counsel, Blue Ridge Legal Services, for use in its program of indigent representation."  See <u>O'Loughlin v. O'Loughlin</u>, 23

---

[2] Code § 63.2-1216 states,

> After the expiration of six months from the date of entry of any final order of adoption from which no appeal has been taken to the Court of Appeals, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, for any reason, including but not limited to fraud, duress, failure to give any required notice, failure of any procedural requirement, or lack of jurisdiction over any person, and such order shall be final for all purposes.

Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  On consideration of the record before us, we deny her request for an award of attorney's fees.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>