COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Senior Judge Annunziata


EURIE JONES

                                                         MEMORANDUM OPINION[*]
v.        Record No. 2596-07-2                           PER CURIAM
                                                         JULY 29, 2008
SANDRA JONES


              FROM THE CIRCUIT COURT OF KING AND QUEEN COUNTY
                            Thomas B. Hoover, Judge

              (V. Eileen Long; Andrea C. Long, on brief), for appellant.

              (Matthew R. Kite; Dillard and Katona, on brief), for appellee.


       Eurie Jones (grandmother) appeals the trial court's decision granting custody of her

granddaughter (Z.) to appellee, Sandra Jones (Sandra), and not grandmother's daughter, S.

(mother).  On appeal, grandmother asserts that the trial court (1) erred in finding that mother

voluntarily relinquished custody of Z. to Sandra; (2) erred in finding that the presumption in

favor of a biological parent retaining custody does not apply in this matter; (3) erred in finding

that the mother is an immature sixteen year old; (4) erred in rejecting grandmother as a primary

physical custodian for Z.; and (5) abused its discretion in finding that it is in the best interests of

Z. to remain in Sandra's custody.  Sandra filed a motion to dismiss the appeal alleging that

grandmother did not comply with Rules 5A:18 and 5A:20 and that grandmother did not include

mother as a party to the appeal.  Upon reviewing the record and briefs of the parties, we conclude

that grandmother did not preserve her issues for appeal.  See Rule 5A:18  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Prior to Z.'s birth, mother and grandmother met with Sandra to discuss Z.'s adoption. On August 18, 2006, mother gave birth to Z. Sandra was present at the birth and took Z. home from the hospital. Mother and grandmother returned to their home in Pennsylvania, while Z. lived with Sandra in Virginia. Mother had no contact with Sandra or Z. for Z.'s first three months and had limited contact thereafter. When Sandra petitioned the court for adoption, mother objected. On July 30, 2007, the juvenile and domestic relations district court awarded joint legal custody of Z. to Sandra, mother, and grandmother, and primary physical custody to Sandra. Grandmother appealed to the circuit court. On September 28, 2007, the circuit court held a hearing and the judge ordered that custody shall remain with Sandra and granted visitation to mother and grandmother. Grandmother endorsed the final order as "seen and objected to," but did not specify her objections.

There was no court reporter at the circuit court hearing. A statement of facts, which summarized the procedural history and the witnesses' testimony, was prepared and accepted by the court. The statement of facts did not discuss any motions or arguments of counsel, nor did it state any objections of counsel to the judge's findings or rulings.

ANALYSIS

Rule 5A:18 states that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992). In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Lee, 12 Va. App. at 515, 404 S.E.2d at 738. Grandmother provided none of these motions or arguments in the record.

Grandmother argues that she noted her objection on the final order, but the final order simply states "seen and objected to" and does not specify grandmother's objections to the order. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Id.

An endorsement of "seen and objected to," however, is sufficient "if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)). Grandmother argues that she objected to the entire order, and her objection was that she did not want Sandra to have custody of Z. Grandmother, though, does not merely contest custody arrangements. On appeal, she contests specific rulings, such as whether the court erred in finding that mother voluntarily relinquished Z. and whether the court erred in finding the mother to be immature. Therefore, the endorsement of "seen and objected to" was not sufficient to preserve her questions for appeal.

Grandmother further argues that the ends of justice exception to Rule 5A:18 should apply and that mother should have custody of Z. "In order to avail oneself of the [good cause] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

For the foregoing reasons, we hold that all of grandmother's issues on appeal are procedurally defaulted under Rule 5A:18. We therefore affirm the decision of the circuit court.

<u>Affirmed.</u>
