COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


JESSICA HERRING
                                        OPINION BY
v.    Record No. 2867-99-2          JUDGE LARRY G. ELDER
                                        AUGUST 22, 2000
JOHN L. HERRING


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                     John W. Scott, Jr., Judge

            Douglas H. Hilton (Rappahannock Legal
            Services, on briefs), for appellant.

            Gerald F. Daltan (Scott, Daltan and Van Lear,
            on brief), for appellee.


     Jessica Herring (mother) appeals from a final order

directing that John L. Herring (father) pay $484 per month in

child support for the parties' two minor children.  On appeal,

mother contends the trial court erroneously (1) failed to

calculate and state the presumptive amount of child support

pursuant to the child support guidelines; (2) failed to give

sufficient justification supporting its deviation from the

guidelines; and (3) considered that mother shared household

expenses with a roommate.  Father contends that Rule 5A:18 bars

mother's appeal because she failed properly to present her

objections to the trial court.  We hold that the ends of justice

exception to Rule 5A:18 permits our consideration of mother's

assignments of error.  We also hold that the trial court's

deviation from the child support guidelines without first calculating and stating the presumptive amount of support due constituted reversible error, and we remand to the trial court for further proceedings consistent with this opinion.

I.

BACKGROUND

The parties separated in October 1997. Mother maintains custody of the parties' two minor children, who are currently four and six years old, respectively. On September 22, 1998, the Department of Social Services, Division of Child Support Enforcement, issued an administrative order requiring father to pay $319 per month in child support. On January 28, 1999, mother petitioned the juvenile and domestic relations district court for an increase in support. On April 27, 1999, the district court calculated the presumptive amount of support based on mother's gross income of $1,600 per month and father's gross income of $1,300 per month-a distribution of fifty-five and forty-five percent, respectively-at $675. After adding expenses of $667 per month for child care and $154 per month for health insurance coverage, the district court determined that father's forty-five percent share of the total was $673 and ordered father to pay that amount each month.

Father appealed to the circuit court. The court heard testimony, which included evidence of the parties' almost

identical gross monthly incomes[1] and costs for child care and health insurance premiums.  It also included evidence of father's and mother's respective living expenses and other financial obligations.  At the time of the hearing, father rented living space in his sister's basement and claimed various outstanding debts.  Mother shared a house with a roommate with whom she evenly divided the rent and other household bills, excepting food and telephone costs.

After hearing this evidence "ore tenus in open court and argument of counsel," the court found as follows:

> 1.  That the mother's child care expenses are approximately $700 a month.
> 2.  That 50% of the mother's household expenses are paid by the person with whom she lives;
> 3.  that the parties' incomes are such that the mother makes approximately 55% and the father makes approximately 45%.
>
> For the above reasons, the court finds that application of the guidelines would be unjust or inappropriate in this case; and that the above facts are necessary to consider the equities for the parents and the children.
> THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED that [father] pay to [mother] the sum of $484.00 per month in child support beginning November 1, 1999 . . . .

The trial court did not calculate or state the presumptive amount of child support due under the guidelines.  It did not

---

[1] Father earned $9.00 per hour and worked full-time, which provided a gross monthly income of $1,560.  Mother reported an annual income of $18,800, which provided a gross monthly income of $1,566.

provide any additional explanation for its conclusion that application of the guidelines was unjust or inappropriate or detail how it arrived at the amount of the award.

Wife's counsel endorsed the court's order "Seen and Objected to:" and did not particularize the basis for her objection. The parties' written statement of facts also contains no information regarding the basis for wife's objection to the order.

## II.

## ANALYSIS

Father contends that mother failed properly to preserve her objection for appeal. Mother contends that her endorsement of the final order was sufficient to alert the trial court to potential error and to preserve the issues for appellate review. We agree that the objection was insufficient to preserve the issues for appeal but hold that the "ends of justice" exception to Rule 5A:18 applies to permit our review.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of the rule is to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. See, e.g., Lee v. Lee, 12 Va. App. 512, 514, 404

S.E.2d 736, 737 (1991) (en banc).  Ordinarily, endorsement of an order "Seen and objected to" is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error.  See id. at 515, 404 S.E.2d at 738.  Such an endorsement is sufficient to satisfy Rule 5A:18 only if "the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection."  Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993).

We reject mother's contention that our holding in Mackie applies to the facts of this case.  In Mackie, the sole issue before the court was whether a property settlement agreement required the husband to maintain health insurance coverage for his former wife.  See id.  The only finding the trial court made was that the property settlement agreement was not incorporated into the final decree.  See id.  Under those circumstances, we held that the trial court's ruling was "narrow enough to make obvious the basis of appellant's objection."  Id.

Here, mother contends that the only issue raised by her appeal is what level of child support father should be required to pay.  However, she articulates three distinct issues which fall under this broad canopy:  whether the trial court erroneously (1) failed to calculate and state the amount of child support pursuant to the presumptive child support guidelines; (2) failed to give sufficient justification

supporting its deviation from the guidelines; and (3) considered that mother shared household expenses with a roommate.  Thus, mother alleges errors in the court's findings of fact and conclusions of law as well as in its interpretation and application of the relevant statutes.  The trial court's final order is not limited to a single finding or conclusion and, therefore, Mackie does not apply.

Although mother failed properly to preserve her assignments of error for appeal, we hold that the ends of justice exception to Rule 5A:18 applies to permit our consideration of the alleged errors.  Application of the ends of justice exception requires proof of an error that was "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).  The record "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred."  Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).  Ordinarily, in the criminal context, application of the ends of justice exception is appropriate where "[the accused] was convicted for conduct that was not a criminal offense" or "the record . . . affirmatively prove[s] that an element of the offense did not occur."  Id. at 221-22, 487 S.E.2d at 272-73.  However, some procedures are so crucial that a court's failure to adhere to them constitutes error that is clear, substantial and material even in the absence of affirmative proof of error in the result.  For example, a trial

court in a criminal case has an affirmative duty properly to instruct the jury on the elements of the charged offense, even if the accused does not object or proffer a properly worded jury instruction, and the ends of justice exception permits the accused to raise this issue for the first time on appeal.  See Johnson v. Commonwealth, 20 Va. App. 547, 553-54, 458 S.E.2d 599, 602 (1995) (en banc); see also Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991).  We hold, pursuant to Code § 20-108.1(B), that when determining child support, a court has an affirmative duty to calculate expressly the presumptive amount of child support under the guidelines and, if it deviates from that presumptive amount, to explain adequately the basis for such deviation.[2]  This affirmative duty is required to ensure that the award meets the requirements of the statute, including "the best interests of the child."  Code § 20-108.1(B).

Code § 20-108.1(B) provides in relevant part as follows:

> [T]here shall be a rebuttable presumption in any judicial or administrative proceeding for child support . . . that the amount of the award which would result from the application of the guidelines set out in

---

[2] To make clear our holding, we note that our application of the ends of justice exception in this case, as set out in the text, applies only to the court's failure in child support cases to expressly calculate the guideline amount or to make the written findings required to justify its deviation from that amount.  We do not consider whether the ends of justice exception would apply to issues such as an erroneous application of the guidelines, erroneous evaluation of the circumstances justifying deviation, or a related mathematical error.

§ 20-108.2 is the correct amount of child support to be awarded. . . .

In order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case. The finding that rebuts the guidelines shall state the amount of support that would have been required under the guidelines, shall give a justification of why the order varies from the guidelines, and shall be determined by relevant evidence pertaining to [certain enumerated statutory factors] affecting the obligation, the ability of each party to provide child support, and the best interests of the child . . . .

See also Farley v. Liskey, 12 Va. App. 1, 4, 401 S.E.2d 897, 899 (1991). The judge's written findings must explain why the amount according to the guidelines would be inappropriate or unjust and must justify the amount of support awarded. See, e.g., Richardson v. Richardson, 12 Va. App. 18, 22, 401 S.E.2d 894, 896 (1991).

Here, although the court's support award is not necessarily erroneous, the entry of a support order which does not expressly determine the presumptive amount of support due or fully explain the basis for deviating from that amount does not provide an adequate basis for future modifications of support. Our application of Rule 5A:18 to allow the non-conforming support award to stand without adequate explanation as to how the amount of support was determined would seriously handicap a court overseeing future modification proceedings because that court

would have an insufficient understanding of the manner in which the existing award was set and the extent to which a change in circumstances might warrant a change in the amount of support. See Hiner v. Hadeed, 15 Va. App. 575, 580-81, 425 S.E.2d 811, 814-15 (1993) (holding that res judicata prevents relitigation of an erroneous post-guidelines child support award even where judge making previous award failed to determine guideline amount or explain basis for deviation).

Thus, we apply the ends of justice exception to Rule 5A:18 to reach mother's assignment of error, and we reverse and remand to the trial court to expressly calculate the presumptive amount of support due. Although Code § 20-108.1(B) permits the court to incorporate its written findings by reference, the circuit court's order did not purport to incorporate the district court's guideline calculations. Further, the evidence contained in the parties' written statement of facts on appeal suggests that the parties' respective gross incomes had changed following the district court proceedings. We also note, for purposes of remand, the court's duty to "'identify the factors that justified deviation . . . and explain why and to what extent the factors justified the adjustment' in 'enough detail and exactness to allow for effective appellate review of the findings.'" Pharo v. Pharo, 19 Va. App. 236, 238, 450 S.E.2d 183, 194 (1994) (quoting Richardson, 12 Va. App. at 22, 401 S.E.2d at 896) (holding explanation for deviation insufficiently

detailed where trial court observed merely that application of shared custody support guidelines "would seriously impair [the mother's] ability to maintain minimal adequate housing and provide other basic necessities for the child" and made award consistent with sole custody support guidelines). Although we do not reach the merits of mother's final assignment of error, we note that proper factors which may support deviation from the guidelines include "the obligations and needs . . . of each parent" as well as "[s]uch other factors . . . as are necessary to consider the equities for the parents and children." Code § 20-108.1(B)(11), (18).

For these reasons, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>