COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Overton


EUGENIO HERNANDEZ

                                                     MEMORANDUM OPINION*
v.       Record Nos. 1017-04-4 and                      PER CURIAM
              1018-04-4                              OCTOBER 5, 2004

DANA LYNN PAO


                 FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                          Alfred D. Swersky, Judge Designate

                 (Gwen Anne Carpenter; Law Offices of Brian J. Moran, on brief),
                 for appellant.

                 (Douglas A. Steinberg, on brief), for appellee.


        Eugenio Hernandez appeals from the circuit court's dismissal of his appeals from orders

entered by a judge of the juvenile and domestic relations district court in proceedings involving

child support and visitation.  Hernandez contends the trial judge erred by (1) dismissing his appeals

on the basis that he "voluntarily refused to present any evidence causing the [juvenile] court to

dismiss his petitions before trial," and (2) "determining that [his] right to be represented by counsel

[in the juvenile court] was moot."  Upon reviewing the record and briefs, we conclude that these

appeals are without merit.  Accordingly, we summarily affirm the decisions of the trial court.  See

Rule 5A:27.

                                       Background

        On appeal, we view the evidence in the light most favorable to appellee as the party

prevailing below and grant to the evidence all reasonable inferences.  See McGuire v. McGuire,

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). So viewed, the record establishes that the husband filed in the juvenile court a motion to modify his child support obligation based upon changed circumstances. Several months later, husband filed a motion seeking to modify his visitation schedule. After filing these motions, husband's counsel moved to withdraw as counsel in both cases. Over husband's objection, the juvenile court judge granted counsel's request.

At the juvenile court hearing that was convened to consider husband's motions to modify child support and visitation, husband was present but did not present evidence; he relied on his pleadings. The juvenile court judge denied both motions. Husband then appealed from these orders to the circuit court. The circuit court granted wife's motion to dismiss the cases. The order, which dismissed the support and visitation appeals, remanded the cases to the juvenile court "for future proceedings." The husband endorsed the order "Seen." The order, which dismissed husband's appeal of the order permitting his counsel to withdraw, ruled that the matter was moot.

### Support and Visitation Appeals

Husband endorsed the circuit court's order, which dismissed the support and visitation appeals, "Seen," and he struck through the words "and Objected to." Instead of particularizing the basis for his objections, husband wrote the following on the order: "Mr. Hernandez could not state any objection as he is not representing himself in this matter (*pro se*) until CH No. 04001210 is justly determined by the honorable Court of Appeals of Virginia." The record does not indicate the basis for husband's objection to the order.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Applying this rule, we have held that, "[o]rdinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not

- 2 -

sufficiently alert the trial court to the claimed error." <u>Herring v. Herring</u>, 33 Va. App. 281, 286, 532 S.E.2d 923, 926 (2000). In this case, husband endorsed the order as "Seen" and appended to the endorsement a statement, which included no specific objections. In so doing, he failed to preserve any issue for appeal. Rule 5A:18, therefore, bars our consideration of husband's arguments on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Appeal of Counsel's Motion to Withdraw

The circuit court judge also dismissed husband's appeal of the juvenile court's order that granted husband's counsel's motion to withdraw; he found the issue moot.

In his brief husband argues that the circuit "court dismissed the appeal on the basis that the matter was moot due to the dismissal of [his] appeal of the custody/visitation and support matters." He reasons that because "the court's dismissal of the underlying cases was improper, the decision regarding [husband's] representation by counsel was not moot." Simply put, husband's challenge to the circuit court's dismissal of his appeal is necessarily premised upon error in the circuit court's dismissal of the underlying cases. As we have held above, we cannot address the underlying issue because husband failed to preserve for appeal any issue concerning support and visitation.

For these reasons, we summarily affirm the decisions of the trial court. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>