COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Humphreys and Senior Judge Overton

SHERRI EUBANK

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1357-04-2                              PER CURIAM
                                                        FEBRUARY 15, 2005
CHESTERFIELD-COLONIAL HEIGHTS
 DEPARTMENT OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Frederick G. Rockwell, III, Judge

              (Matthew J. Zwerdling; Zwerdling and Oppleman, on brief), for
              appellant.

              (Michael Chernau, Senior Assistant County Attorney, on brief), for
              appellee.

              (Scott D. Landry; Duty, Duty & Landry, on brief), Guardian *ad
              litem* for the minor children.


       Sherri Eubank appeals the trial court's decision terminating her parental rights to her two

daughters.  Eubank contends the evidence was insufficient to support the termination, and

specifically argues on brief that the evidence was insufficient to prove that her husband sexually

abused her younger daughter and that she was not given the chance to correct or eliminate the abuse

allegation.  Upon reviewing the record and briefs of the parties, we conclude that Eubank did not

preserve these issues for appeal.  Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

       Eubank's counsel endorsed the final termination order, "Seen and objected to."  However,

the written statement of facts filed in lieu of a transcript did not recite any arguments presented by

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Eubank or any objections she made to the trial court's rulings. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." This rule allows the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials. See Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000). "Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Id. Such an endorsement satisfies Rule 5A:18 only if the trial court's ruling was so narrow that the basis of appellant's objection is obvious. Id.

According to Rule 5A:8(c), the written statement of facts must include "facts, testimony, and other incidents of the case." Here, the written statement does not mention or describe any motions to strike, closing arguments, motions to set aside, or motions to reconsider, or any objections or exceptions made to the trial court's ruling. The signed endorsement of the final order of termination indicates that Eubank saw and objected to the trial court's ruling, but does not set forth specifically the contested issues. The record before us fails to set forth the issues, if any, raised below.

Furthermore, the trial court's ruling was not narrow enough to make obvious the basis of Eubank's objection. The trial court terminated Eubank's parental rights because:

> [B]ased on clear and convincing evidence, that adoption is in the best interests of both children; that the neglect or abuse suffered by the children presented a serious and substantial threat to their life, health or development; and that it is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the children's safe return to Richard or Sherri Eubank within a reasonable period of time. The Court further finds that Richard and Sherri Eubank, without good cause, have been unwilling or unable within a reasonable period of time from the date the children were placed in

- 2 -

foster care to remedy substantially the conditions which led to or required continuation of the children's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health and rehabilitative agencies to such end.

The court's decision implicates factors such as the burden of proof, the reasonableness of the time period for remedying the problems, the definition of "remedy substantially the conditions" leading to foster care, and whether it was in the child's best interests to terminate parental rights. We cannot be certain of the basis of Eubank's objection to this ruling or even if Eubanks make objection at trial to the court's ruling.

Moreover, we have examined the issues raised herein and find that neither "good cause" nor "the ends of justice" require consideration of the issues. <u>See</u> Rule 5A:18. Because the issues raised before this Court are procedurally defaulted under Rule 5A:18, we affirm the judgment of the trial court.

<u>Affirmed.</u>