COURT OF APPEALS OF VIRGINIA


Present:  Judge McClanahan, Senior Judges Coleman and Annunziata


JON C. CARLSON

                                                    MEMORANDUM OPINION[*]
v.       Record No. 2807-05-1                       PER CURIAM
                                                    MAY 23, 2006
VALERIE A. WELLS


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Thomas S. Shadrick, Judge

                (Jon C. Carlson, *pro se*, on briefs).

                (Debra C. Albiston; Cynthia A. King; Kaufman & Canoles, P.C., on
                brief), for appellee.


        Jon C. Carlson, appellant, appeals the August 26, 2005 order of the trial court ruling on

custody, visitation, and support issues.  On appeal, he contends the trial court erred in (1) finding

there was no material change in circumstances regarding custody or visitation, (2) ordering

appellant to pay medical arrearages, and (3) ordering appellant to pay monthly child support of

$1,621.  Upon review of the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

        Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis

for reversal unless the objection was stated together with the grounds therefor at the time of the

ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

justice."  Applying this rule, we have held that, "[o]rdinarily, endorsement of an order 'Seen and

objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not

sufficiently alert the trial court to the claimed error."  Herring v. Herring, 33 Va. App. 281, 286,

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

532 S.E.2d 923, 926 (2000). In this case, appellant endorsed the order as "Seen" and included no

objections. In so doing, he failed to preserve any issue for appeal. Rule 5A:18, therefore, bars

our consideration of husband's arguments on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.[1]

Affirmed.

---

[1] We deny the motion to dismiss filed by the appellee.