COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Humphreys and Millette
Argued at Chesapeake, Virginia


SANDRA E. ROGERS

MEMORANDUM OPINION[*] BY
v.      Record No. 1683-07-1      JUDGE ROBERT J. HUMPHREYS
MAY 27, 2008

DANIEL J. ROGERS


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

Melvin J. Radin (Radin & Radin, P.C., on brief), for appellant.

No brief or argument for appellee.


Sandra Rogers ("wife") appeals several issues arising out of her divorce from Daniel

Rogers ("husband"). We affirm the trial court because none of the issues raised by the wife were

preserved for appeal.

Rule 5A:18 provides that "No ruling of the trial court . . . will be considered as a basis for

reversal unless the objection was stated together *with the grounds therefor* at the time of the

ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

justice." (Emphasis added). "The main purpose of requiring timely specific objections is to

afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding

unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167

(1991). Moreover, "[i]t is the duty of a party, as a rule, when he objects to evidence, to state the

grounds of his objection, so that the trial judge may understand the precise question or questions

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

he is called upon to decide." Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942).

Nowhere in the circuit court record did wife state the grounds for her objections. The statement of facts that she provides merely describes the evidence presented to the circuit court. It does not mention any motions or arguments made by counsel, nor does it note objections and the grounds therefor to the circuit court's rulings.

Although the statement of facts is deafeningly silent with respect to any incidents of trial, the circuit court's final decree does twice mention objections made by wife. First, the court noted that it made its finding that husband has two children not born of the marriage "over the objection of [wife]." Second, in the second to last paragraph of the decree, the circuit court stated, "[Wife] objects to the award of spousal support as inadequate in amount and duration, the award of child support as inappropriately calculated, and the failure of the court to award attorney fees to her." However, nowhere in the decree are the grounds stated upon which wife made any of her objections.

Finally, wife's signing of the decree as "seen and objected to" does not remedy her failure to set forth her objections with specificity. We have repeatedly held that "endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18." Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000).

> We cannot assume that [wife's] objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires [an] appellant to present a complete transcript for this Court to consider his or her issues on appeal. Even assuming that the same issues were raised at trial as on appeal, we do not know if counsel stated legal reasons to support his theory or merely argued the weight of the evidence.

Lee v. Lee, 12 Va. App. 512, 516-17, 404 S.E.2d 736, 738-39 (1991) (*en banc*).

On this record, wife's general objections are not sufficient to satisfy the requirements of Rule 5A:18.  Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, wife does not argue that we should invoke those exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." (emphasis added)).  We will not consider an "ends of justice" argument under Rule 5A:18 *sua sponte*.  See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For the foregoing reasons, we hold that all of wife's issues on appeal are procedurally defaulted under Rule 5A:18.  We therefore affirm the decision of the circuit court.

Affirmed.