COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


LATISHA COLEMAN

                                                     MEMORANDUM OPINION*
v.      Record No. 1666-11-4                              PER CURIAM
                                                         APRIL 10, 2012
ALEXANDRIA DEPARTMENT
  OF COMMUNITY AND HUMAN SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         Donald M. Haddock, Judge

            (Douglas A. Steinberg, on brief), for appellant.  Appellant
            submitting on brief.[1]

            (James L. Banks, Jr.; Meghan S. Roberts, Stephen J. Saunders,
            Guardian *ad litem* for the minor children; Office of the City
            Attorney, on brief), for appellee.  Appellee and Guardian *ad litem*
            submitting on brief.


        The Alexandria Juvenile and Domestic Relations District Court (juvenile court) issued

final orders finding Latisha Coleman (mother) had abused and neglected her four children.  The

juvenile court ordered the children removed from mother's care and placed in foster care.

Mother timely noted her appeal to the circuit court.  When mother failed to appear on the date of

the scheduled July 18, 2011 *de novo* hearing, the circuit court dismissed mother's appeal,

pursuant to Code § 16.1-106.1(D),[2] on motion by the Alexandria Department of Community and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On February 23, 2012, appellant filed a *pro se* request for appointment of new counsel.
Upon consideration thereof, we deny said request.

[2] Code § 16.1-106.1(D) provides in part:

        If a party who has appealed a judgment or order of a district court
        fails to appear in circuit court either at the time for setting the

Human Services. Mother appeals that ruling to this Court arguing the circuit court violated her procedural due process rights by dismissing the case.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

The final order issued by the circuit court was signed by mother's counsel only "SEEN: OBJECTED TO," without providing any additional grounds for her objection. We have consistently held that such an objection is insufficient to preserve a specific argument absent some indication in the record that the specific objection was made. See Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) ("Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error.").

The record on appeal does not contain a timely filed transcript or written statement of facts. See Rule 5A:8(a) and (c). The record fails to demonstrate a specific discussion of the issue raised on appeal before the circuit court. Therefore, mother did not preserve this argument for appeal. Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might

appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section.

have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For the foregoing reasons, we affirm the circuit court's dismissal of mother's appeal.

Affirmed.