COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Retired Judge Coleman[*]


MICHAEL GEARING

                                                        MEMORANDUM OPINION[**]
v.      Record No. 2569-11-3                                PER CURIAM
                                                            JULY 3, 2012
SHENANDOAH VALLEY DEPARTMENT
 OF SOCIAL SERVICES


                   FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                                Humes J. Franklin, Jr., Judge

              (S. Scott Baker, on brief), for appellant.

              (James B. Glick; Vellines, Goodwin, Glick & Whitesell, P.L.C., on
              brief), for appellee.

              (Susan B. Read; Black, Noland & Read, P.L.C., on brief),
              Guardian *ad litem* for minor child.


        Michael Gearing (father) appeals from a December 13, 2011 circuit court order

terminating his residual parental rights to his child.  On appeal, father argues the circuit court

erred "in finding that the Shenandoah Valley Department of Social Services met its burden by

clear and convincing evidence to terminate [his] residual parental rights to [his child]."  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit court.  See Rule 5A:27.


_____

        [*] Judge Coleman took part in the consideration of this case prior to the effective date of
his retirement as senior judge on June 30, 2012 and thereafter by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

The final order issued by the circuit court was signed by father's counsel only "SEEN AND OBJECTED TO," without providing any grounds for his objection. We have consistently held that such an objection is insufficient to preserve a specific argument absent some indication in the record that the specific objection was made. See Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) ("Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error.").

The record fails to demonstrate a specific discussion of the issue raised on appeal before the circuit court. Therefore, father did not preserve this argument for appeal. Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, we summarily affirm the decision terminating father's parental rights. See Rule 5A:27.

Affirmed.