COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Willis

SARAH DILLON

v.      Record No. 1650-12-3

HARRISONBURG ROCKINGHAM
 SOCIAL SERVICES DISTRICT

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 9, 2013

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
James V. Lane, Judge

(Daniel J. Neher, on brief), for appellant.  Appellant submitting on
brief.

(Rachel Errett Figura, Assistant County Attorney; Lisa L. Knight,
Guardian *ad litem* for the minor child, on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.

Sarah Dillon (mother) appeals a decision of the trial court terminating her parental rights to

her son.  She contends on appeal that the trial court erred in terminating her parental rights

(1) despite the fact that she substantially remedied the causes of the foster care placement under

Code § 16.1-283(C)(2); and (2) because the Harrisonburg Rockingham Social Services District

(HRSSD) failed to provide reasonable and appropriate assistance to her pursuant to Code

§ 16.1-283(C)(2).  Upon reviewing the record and briefs of the parties, we conclude this appeal is

without merit.  Accordingly, we affirm the decision of the trial court.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for

reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for

good cause shown or to enable the Court of Appeals to attain the ends of justice."  "The Court of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree

v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in

closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Lee v. Lee, 12

Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*). In addition, counsel may include an

objection and reasons therefor in the final order. Id.

At the trial, mother did not present to the trial court the arguments she makes on appeal.

Mother's counsel made no motions to strike the evidence. Mother's counsel made no closing

argument, specifically stating, "I'll waive," at the conclusion of the evidence. Mother did not file a

motion to reconsider.

In addition, mother's counsel endorsed the trial court's August 17, 2012 final order "SEEN

AND OBJECTED TO" and did not particularize any basis for the objection. We have consistently

held that such an objection is insufficient to preserve a specific argument absent some indication in

the record that the specific objection was made. See Herring v. Herring, 33 Va. App. 281, 286, 532

S.E.2d 923, 927 (2000) ("Ordinarily, endorsement of an order 'Seen and objected to' is not specific

enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court

to the claimed error."). Such an endorsement satisfies Rule 5A:18 only if the trial court's ruling was

so narrow that the basis of appellant's objection is obvious. Id.

The record fails to demonstrate a specific discussion of the issues raised on appeal before the

trial court. Therefore, mother did not preserve these arguments for appeal. Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or
> to meet the ends of justice, appellant does not argue that we should
> invoke these exceptions. See e.g., Redman v. Commonwealth, 25
> Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail
> oneself of the exception, a [party] *must affirmatively show* that a
> miscarriage of justice has occurred, not that a miscarriage might

have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Moreover, even assuming the issues were preserved, the record shows mother failed to substantially remedy the causes of the foster care placement and HRSSD provided reasonable and appropriate assistance to the family.  The evidence showed mother lacks fundamental parenting skills and lacks the ability to recognize safety and medical concerns for her child.  Mother failed to cooperate with HRSSD and communicated a threat to HRSSD.  Mother once abducted the child from a supervised visitation.  She also removed the child from the state in violation of a child protective order.  Mother's diagnosis from a psychological evaluation showed a poor prognosis for a change in her willingness to work with various service providers.  Furthermore, for about two years, HRSSD had been involved with the family, offering to mother in-home services, parenting classes, a psychological evaluation, supervised visitation, and mental health treatment.  Mother often delayed or did not participate in the services offered.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities."  Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, we affirm the trial court's decision terminating mother's parental rights to her son.

Affirmed.