UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

J. C. McCOY, JR.

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 3, 2014

v.      Record No. 2027-13-3

TIFFANY DANIELLE KISER McCOY

FROM THE CIRCUIT COURT OF WISE COUNTY
Chadwick S. Dotson, Judge

(M. Katherine Crabtree; Chafin Law Firm, P.C., on briefs), for
appellant.

(Timothy W. McAfee, on brief), for appellee.


J. C. McCoy, Jr. (husband) appeals the trial court's order regarding equitable distribution

and its order denying his motion for spousal support.  Husband argues that the trial court erred in

(1) "failing to assign a value to the marital residence, along with the household furnishings";

(2) "failing to specifically consider all [of] the statutory factors regarding equitable distribution of

the marital assets"; and (3) "failing to specifically consider all of the statutory factors in making a

determination regarding spousal support."  Husband asks that we consider his assignments of error

pursuant to the "ends of justice" exception in Rule 5A:18.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We deny appellee's motion to dismiss for failure to comply with Rules 5A:18 and
5A:20.

Husband contends that application of the ends of justice exception is warranted because the trial court's errors were "clear, substantial, and material." See Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). Citing Herring v. Herring, 33 Va. App. 281, 285, 532 S.E.2d 923, 925 (2000), he maintains the trial court's failure to assign a value to the marital residence and furnishings, as well as its failure to specifically apply the statutory factors in Code § 20-107.3(E), justify consideration of his assignments of error. Based on the same rationale, husband argues the trial court's failure to specifically consider the statutory factors in its spousal support determination falls within the exception.

In Courembis v. Courembis, 43 Va. App. 18, 28-29, 595 S.E.2d 505, 510 (2004), we held that application of the ends of justice exception was limited to a trial court's failure to determine the presumptive amount of *child support* or to make written findings justifying its deviation from that amount. We explained our decision as follows:

> Husband further argues that the ends of justice exception to Rule 5A:18 should apply to the issue of spousal support. Relying on this Court's decision in Herring, husband claims that the court's failure to comply with the affirmative statutory duty found in Code § 20-107.1(F)--which directs the trial court to make "written findings and conclusions . . . identifying the factors in subsection E which support the court's order"--constitutes a basis for applying the ends of justice exception, notwithstanding his failure to bring the alleged error to the court's attention. We disagree. In Herring, we agreed to consider, despite appellant's failure to contemporaneously object at trial, whether the trial court erred by failing to determine the presumptive amount of child support, pursuant to Code § 20-108.1(B), and by deviating from the presumptive amount. Herring, 33 Va. App. at 287, 532 S.E.2d at 927. We specifically limited our holding to the failure to explain a deviation from the guidelines. "*To make clear our holding, we note that our application of the ends of justice exception in this case . . . applies only to the court's failure in child support cases to expressly calculate the guideline amount or to make the written findings required to justify its deviation from that amount.*" Id. at 287 n.2, 532 S.E.2d at 927 n.2. Herring is specifically limited to

> its facts, and we decline to extend its holding to the issue presented here.

Id. (emphasis added).

Here, husband's arguments pertain to the lack of factual findings regarding equitable distribution and spousal support, not child support, and therefore do not merit our consideration under the ends of justice exception. Thus, we affirm the trial court's order denying husband's request for spousal support and its order regarding equitable distribution.

Affirmed.