COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

AMANDA JONELL PRICE

v.      Record No. 1156-20-3

WISE COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
APRIL 20, 2021

FROM THE CIRCUIT COURT OF WISE COUNTY
Jeffrey Hamilton, Judge

(Gary Joe Kincade, on brief), for appellant. Appellant submitting
on brief.

(Jeremy B. O'Quinn; Jewell Morgan, Guardian *ad litem* for the
minor child, on brief), for appellee. Appellee and Guardian *ad
litem* submitting on brief.

Amanda Jonell Price (mother) appeals an order withdrawing her appeal of the Wise County

Juvenile and Domestic Relations District Court (the JDR *court*) order that terminated her parental

rights to her child and approved the foster care goal of adoption. Mother argues that the circuit

court abused its discretion when it denied her continuance requests at the hearing for her appeal on

September 9, 2020, and the hearing for her motion to reconsider on October 19, 2020. She further

asserts that the circuit court "exceeded its authority" for withdrawing the appeal under Code

§ 16.1-106.1(D) because "this action does not apply to appeals from the Juvenile and Domestic

Relations [District] Court, only the General District Court." Upon reviewing the record and briefs

of the parties, we conclude that the circuit court did not err. Accordingly, we affirm the decision

of the circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND[1]

On appeal, "we view the evidence in the light most favorable to the prevailing party, in this case, the Department, and grant to it all reasonable inferences fairly deducible from the evidence." King v. King George Dep't of Soc. Servs., 69 Va. App. 206, 210 (2018) (quoting C. Farrell v. Warren Cnty. Dep't of Soc. Servs., 59 Va. App. 375, 420-21 (2012)).

Mother is the biological parent to the child who is the subject of this appeal. On July 2, 2019, the JDR court terminated mother's parental rights to the child under Code § 16.1-283(C)(1) and approved the foster care goal of adoption. Mother appealed the JDR court's orders to the circuit court.

The circuit court hearing was scheduled for August 20, 2019, but it was continued and rescheduled for November 6, 2019. Mother requested a continuance, which was granted, and the matter was rescheduled for January 15, 2020. The circuit court continued the hearing again to March 30, 2020. Mother requested a continuance due to the COVID-19 pandemic; the circuit court granted the continuance and rescheduled the hearing for July 14, 2020. At the request of the Wise County Department of Social Services (the Department), the circuit court continued the hearing again to September 9, 2020.

On September 9, 2020, mother's counsel moved for another continuance because mother was not present for the circuit court hearing. Counsel had not heard from mother but proffered

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

that she had had surgery on her foot or ankle in June 2020.[2] After reviewing a letter, dated June 8, 2020, from the Alabama Orthopedic Clinic regarding mother's surgery, the circuit court noted that the clinic had "anticipated a stay lasting at least another week, which puts it to about June 15," or approximately three months before the circuit court hearing.[3] One witness testified that she had sent a message to mother through Facebook the night before the circuit court hearing, and mother called the witness back. The witness, however, was asleep and did not speak with mother. The child's father did not know mother's whereabouts and had not heard from her in months. The Department objected to the continuance and requested that mother's appeal be deemed withdrawn under Code § 16.1-106.1(D).[4] The Department and the child's guardian *ad litem* argued that the child needed permanency and was in an adoptive home.

The circuit court found that mother's surgery was three months earlier and she had not contacted the circuit court; whereas, the child had been in foster care since May 2017 and developed attachments to the foster parents. The circuit court granted the Department's motion and ordered the withdrawal of mother's appeal. On September 21, 2020, the circuit court entered

---

[2] Mother's counsel reported that he had "tried get a hold of her for the last 30 days: Facebook, tried to telephone call, everything. Could not get her to call me back."

[3] The record does not include the June 8, 2020 letter from the Alabama Orthopedic Clinic.

[4] Code § 16.1-106.1(D) provides:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section. If no party appears for trial, the court may deem the appeal to be withdrawn without a motion and enter an order disposing of the case in accordance with this section.

an order memorializing its ruling and remanding the case to the JDR court (the withdrawal order).

On September 25, 2020, mother noted her appeal of the withdrawal order and filed a motion to reconsider. The circuit court did not stay or suspend the withdrawal order. On October 19, 2020, all parties, except mother, appeared for a hearing on mother's motion to reconsider. Mother's counsel reiterated his objection to the withdrawal of mother's appeal and requested a continuance because of mother's absence. The circuit court did not continue the matter, and after hearing arguments, the circuit court denied the motion to reconsider. The circuit court entered an order memorializing its ruling on October 21, 2020.

## ANALYSIS

### *Continuance request*

Mother argues that the circuit court abused its discretion by denying her continuance request for the hearing of her appeal on September 9, 2020. She asserts that the circuit court did not consider the COVID-19 pandemic and her surgery. Mother contends that she did not have an opportunity "to present evidence showing how much she improved her situation."

"The decision of whether to grant a continuance is committed to the discretion of the circuit court. We will reverse 'a circuit court's ruling on a motion for a continuance . . . only upon a showing of abuse of discretion and resulting prejudice to the movant.'" Shah v. Shah, 70 Va. App. 588, 593 (2019) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34 (2007)).

Contrary to mother's arguments, the circuit court did not abuse its discretion in denying her motion for a continuance. Mother had an opportunity to present evidence to the circuit court; however, she failed to appear for the hearing. The circuit court's hearing on mother's appeal was originally scheduled for August 20, 2019. After the case was continued at least five times,

mother's counsel requested another continuance on September 9, 2020 because mother was not present for the hearing. Mother does not argue that she did not have notice of the hearing. Rather, she contends the circuit court "did not give adequate weight to" her medical issues and the ongoing pandemic. Mother's counsel did not argue at the hearing that mother was not present because of the pandemic. Counsel explained that he had tried to contact her "for the last 30 days" to no avail. The circuit court reviewed a letter, presented by mother's counsel, that mentioned a procedure mother had done three months earlier. The circuit court also heard from a witness who had left a message for mother the night before the hearing but was unable to talk with her. After receiving the evidence and hearing the arguments, the circuit court denied mother's motion for a continuance and granted the Department's request to deem mother's appeal withdrawn under Code § 16.1-106.1(D).

The record supports the circuit court's finding that mother was voluntarily waiving her right to appeal. The matter had been pending for more than one year and had been continued multiple times. When the matter was called on September 9, 2020, mother was not present and had not advised the court that she would be unable to attend the hearing.

In addition, the circuit court heard that the case had "been going on since May of 2017," and the child was in an adoptive placement. The circuit court found that the child needed permanency. "When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Tackett v. Arlington Cnty. Dep't of Hum. Servs., 62 Va. App. 296, 319 (2013) (quoting Logan v. Fairfax Cnty. Dep't of Hum. Dev., 13 Va. App. 123, 128 (1991)). "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Id. at 322 (quoting Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)).

Considering the record before us, the circuit court did not abuse its discretion in denying mother's continuance request and withdrawing her appeal.

*Motion to reconsider*

Mother also challenges the circuit court's denial of her continuance request for the hearing on the motion to reconsider. After the September 9, 2020 hearing, mother's counsel messaged mother through Facebook, which was the "only way" he could contact her, and he advised her of the circuit court's ruling withdrawing her appeal. Mother instructed counsel to appeal the withdrawal order, which counsel did. Counsel also timely filed a motion to reconsider and scheduled a hearing. The circuit court did not stay or suspend the withdrawal order, yet it held a hearing on the motion to reconsider on October 19, 2020, which was more than twenty-one days after the entry of the withdrawal order. Despite being advised of the hearing date, mother did not appear, so mother's counsel requested a continuance. The circuit court denied the continuance request, heard the parties' arguments, and denied mother's motion to reconsider.

Mother argues that the circuit court abused its discretion when it denied her continuance request of the hearing on the motion to reconsider and contends that the circuit court "did not consider the covid [sic] pandemic, her recent surgery, and the effects of the hurricanes that recently hit Alabama."[5] Mother asserts that the circuit court "did not take evidence, concerning the care of the child, before denying [her] request for a continuance." Although mother timely filed the motion to reconsider, the hearing was held more than twenty-one days after the entry of the withdrawal order.

---

[5] Counsel informed the circuit court that mother was "in transit somewhere in Alabama with her new fiancé . . . [and] that they had hurricanes and all kinds of stuff going on down there."

- 6 -

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "Neither 'the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1.'" Wells v. Shenandoah Valley Dep't of Soc. Servs., 56 Va. App. 208, 213 (2010) (quoting Super Fresh Foods Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 560 (2002)). "The twenty-one-day period is only tolled after entry of a final order or judgment through entry of an order that 'expressly modifies, vacates, or suspends the judgment.'" Id. (quoting Ruffin, 263 Va. at 560); see also Coe v. Coe, 66 Va. App. 457, 468 (2016). No such order was entered in this case. Consequently, the withdrawal order was a final order and "beyond the control of the circuit court" at the time of the hearing on the motion to reconsider. Westlake Legal Grp. v. Flynn, 293 Va. 344, 352 (2017). The circuit court was without jurisdiction to modify the withdrawal order and did not err in denying mother's request to continue the hearing on the motion to reconsider.

*Code § 16.1-106.1(D)*

Mother argues that the circuit court "exceeded its authority" when it ordered the withdrawal of her appeal under Code § 16.1-106.1(D) because "this section does not apply to appeals from the Juvenile and Domestic Relations [District] Court, only the General District Court." Mother did not raise this argument with the circuit court. She endorsed the withdrawal order as "Seen and Objected to: Client did not show for court." "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "Ordinarily, endorsement of an order '[s]een and objected to'

is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Canales v. Torres Orellana, 67 Va. App. 759, 771 (2017) (*en banc*) (quoting Herring v. Herring, 33 Va. App. 281, 286 (2000)); see also Courembis v. Courembis, 43 Va. App. 18, 26 (2004) ("Such an objection is not sufficient under Rule 5A:18 to preserve an issue for appeal."). "Such an endorsement is sufficient to satisfy Rule 5A:18 only if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Canales, 67 Va. App. at 771 (quoting Herring, 33 Va. App. at 286).

For the first time on appeal, mother asserts that "[i]t would be overreaching to infer that . . . [Code § 16.1-106.1(D)] applies to juvenile court appeals" because the statute only refers to a "judgment or order of the district court."[6] The circuit court's ruling denying mother's continuance request and ordering the withdrawal of her appeal was not "narrow enough to make obvious the basis of [mother's] objection." Id. Accordingly, we cannot consider mother's third assignment of error. Rule 5A:18; Tackett, 62 Va. App. at 315 ("The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998))).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.

---

[6] Although we do not reach the merits of mother's argument, we note that, in Code § 16.1-106.1, the General Assembly expressly refers to JDR courts as "district" courts. See Code § 16.1-106.1(A) ("A party who has appealed a final judgment or order rendered by a general district court or a *juvenile and domestic relations district court* in a civil case may seek to withdraw that appeal at any time." (emphasis added)).