COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, Athey and Senior Judge Clements


CRYSTAL FAYE WARD

MEMORANDUM OPINION*

v.      Record No. 1280-20-1     PER CURIAM
JULY 13, 2021

NEWPORT NEWS DEPARTMENT
  OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

(Joshua A. Goff; Goff Voltin, PLLC, on brief), for appellant.

(Shannon M. Manning, Senior Assistant City Attorney; Polly
Chong, Guardian *ad  litem* for the minor child, on brief), for
appellee.


Crystal Faye Ward ("mother") appeals the circuit court's dismissal of her appeal from a

decision of the juvenile and domestic relations district court terminating her residual parental

rights to her child, M.W., pursuant to Code § 16.1-283(C)(2). She maintains that the circuit

court erred by dismissing her appeal rather than granting her motion for a continuance when she

failed to appear in court. Mother asserts that she was unable to appear because she had been

involuntarily committed to a mental hospital. Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decision of the circuit court. See Rule 5A:27

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cnty. Dep't of Hum. Servs., 63 Va. App. 157, 168 (2014)). On October 15, 2019, the juvenile and domestic relations district court entered an order terminating mother's parental rights to her child, M. W. On October 18, 2019, mother appealed the termination decision to circuit court. On November 9, 2020, the circuit court conducted a hearing on the appeal. Mother, however, did not appear for the hearing. After waiting more than forty minutes for mother to arrive, the circuit court granted a motion to dismiss the appeal.

Analysis

"Our review of an appeal is restricted to the record." Oliver v. Commonwealth, 35 Va. App. 286, 296 (2001). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185 (1991). Here, the record on appeal does not contain a timely-filed transcript or written statement of facts in lieu of a transcript from the November 9, 2020 hearing. See Rule 5A:8(a) and (c). Rule 5A:8(a) requires that for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the circuit court no later than [sixty] days after entry of the final judgment." Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

Rule 5A:8(c). If the appellant fails to "ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). Indeed, if "the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." Smith v. Commonwealth, 34 Va. App. 766, 772 (2000) (quoting Turner v. Commonwealth, 2 Va. App. 96, 99 (1986)).

Here, although mother asserts that the circuit court erred by dismissing her appeal because she was in a mental hospital and thereby unable to appear, she never filed a transcript of that hearing or a written statement of facts with the circuit court.[2] Without a transcript or statement of facts, we cannot meaningfully review the circuit court's decision to dismiss the appeal or determine whether mother preserved her arguments. Accordingly, mother failed to ensure that the record contains a transcript or written statement of facts necessary to permit us to resolve the issue she presents in this appeal. Rule 5A:8(b)(4)(ii).

Moreover, the circuit court's order dismissing the appeal reflects that a hearing took place on November 9, 2020.[3] Nothing in the order reflects that mother moved for a continuance or that the circuit court denied such a motion. "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30,

---

[2] The appendix contains a transcript of the November 9, 2020 hearing, but that transcript was never filed with the circuit court as required by Rule 5A:8. Accordingly, that transcript is not part of the record and will not be considered by this Court on appeal. See Albert v. Albert, 38 Va. App. 284, 291 n.2 (2002) (refusing to consider documents in the joint appendix that were not part of the trial court's record); see also John v. Im, 263 Va. 315, 320 (2002) (noting the appellate court is limited to the record before it and cannot consider documents that were not submitted to the trial court).

[3] The circuit court waited until December 14, 2020 to enter the order, providing mother ample opportunity to seek reconsideration of the ruling.

35 (1997). As the record does not reflect that the circuit court denied mother's motion for a continuance, and there is no transcript or statement of facts in the record, there is no ruling for us to review insofar as mother asserts that the circuit court erred by denying her motion for a continuance. See Williams v. Commonwealth, 57 Va. App. 341, 347 (2010).

Finally, we note that, although mother's counsel endorsed the final order dismissing the appeal as "Seen and objected to," "[o]rdinarily, endorsement of an order '[s]een and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Canales v. Torres Orellana, 67 Va. App. 759, 771 (2017) (*en banc*) (quoting Herring v. Herring, 33 Va. App. 281, 286 (2000)). "Such an endorsement is sufficient to satisfy Rule 5A:18 only if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Id. (quoting Herring, 33 Va. App. at 286). Nothing in the circuit court's dismissal order reflects that mother asserted that she failed to appear due to mental health issues. We therefore conclude that the record does not include a ruling denying mother's motion for a continuance and that a timely-filed transcript or a written statement of facts in lieu of a transcript is indispensable to a determination of mother's assignment of error. See Smith v. Commonwealth, 32 Va. App. 766, 772 (2000); Turner v. Commonwealth, 2 Va. App. 96, 99-100 (1986).

Conclusion

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.