COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Kelsey, Beales and Senior Judge Clements


KERRY O'BRIEN SMITH

MEMORANDUM OPINION[*]

v.      Record No. 2069-11-2                                   PER CURIAM
                                                              OCTOBER 2, 2012

JAMES BROWN SMITH, III


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge

(Kerry O'Brien Smith, *pro se*, on brief).

(Lawrence D. Diehl; Brandy M. Poss; Barnes & Diehl, P.C., on
brief), for appellee.[1]


Appellant appeals from a final decree of divorce.  She contends the trial court erred in its

rulings regarding grounds for divorce, custody, visitation, equitable distribution, spousal support,

child support, attorney's fees, and the guardian *ad litem*'s (GAL) fees.  Appellant includes

sixteen assignments of error in her opening brief.[2]  For the following reasons, we summarily

affirm the trial court's rulings.[3]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Court denies appellant's motion to object to the guardian *ad litem*'s notice of her
position in this appeal, as the guardian *ad litem*'s letter to this Court was timely filed after this
Court granted appellant's motion to reinstate the appeal.

[2] Appellant previously designated twenty-four assignments of error.  Those issues not
raised in appellant's opening brief are waived.  Rule 5A:20(c).

[3] We dispense with oral argument because the facts and legal contentions are adequately
presented in the materials before the Court and argument would not aid the decisional process.
Therefore, both parties' requests for oral argument are denied.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on September 22, 2005, separated on August 6, 2009, and divorced on September 30, 2011. They have three minor children.

On August 9, 2010, appellee filed a complaint for divorce, to which appellant filed an answer and cross-bill. Appellee filed an answer to the cross-bill.

The parties previously filed petitions for custody and visitation in the Chesterfield County Juvenile and Domestic Relations District Court (the J&DR court). On March 18, 2011, the J&DR court awarded sole legal and physical custody of the children to appellee. Appellant appealed the J&DR court's ruling to the circuit court, and the appeal was consolidated with the divorce matter.

On July 28, 2011, the parties presented evidence and argument to the trial court on the issues of the grounds for divorce, custody, visitation, equitable distribution, spousal support, child support, and attorney's fees.

Upon the conclusion of the parties' evidence and argument, the trial court issued its ruling from the bench. After considering the factors in Code § 20-124.3 regarding the best interests of the child and the GAL's comments and recommendations, the trial court awarded sole legal and physical custody of the minor children to appellee with visitation to appellant. The trial court granted appellee a divorce based on living separate and apart for more than one year. The trial court considered the equitable distribution factors in Code § 20-107.3(E) and adopted appellee's proposed scheme of distribution, with the exception of an E*TRADE account that was determined to be appellant's separate property. The trial court considered the spousal

support factors in Code § 20-107.1(E) and the testimony from the vocational evaluator and held that appellee's spousal support obligation would cease as of August 1, 2011.[4]  The trial court found that appellant was voluntarily unemployed and imputed income to her.  Using appellant's imputed income, appellee's monthly income, the children's day care costs and health insurance costs, the trial court computed child support based on the statutory guidelines and ordered appellant to pay child support to appellee beginning September 1, 2011.  The trial court awarded $3,600 in attorney's fees and costs to appellee and ordered appellant to pay $909.35 toward the GAL's fees.  The trial court entered the final decree of divorce on September 30, 2011.  This appeal followed.

ANALYSIS

I.  Appellee's Motions to Dismiss and Motion for Summary Disposition

On April 9, 2012, appellee filed a motion to dismiss, to which appellant responded.  On April 30, 2012, appellee filed a supplemental motion to dismiss, to which appellant responded.  In his brief, appellee included a motion to dismiss and motion for summary disposition.  Throughout his motions, appellee argues that appellant failed to comply with numerous procedural rules of this Court.  We agree and, pursuant to Rule 5A:27, summarily affirm the trial court.  Accordingly, we deny appellee's motions to dismiss.

A.  Rules 5A:25 and 5A:20 - Assignments of Error 5, 7, 10, 11, 13, 14, and 16

Rule 5A:25(d) states that if the parties do not file an agreed designation of the contents of the appendix, then the appellant shall file "a statement of the assignments of error and a designation of the contents to be included in the appendix."  The appellee then has an

_____

[4] The trial court previously awarded temporary spousal support to appellant at a *pendente lite* hearing.

- 3 -

opportunity to file a designation of any additional documents to be included in the appendix. The appellant shall include all of the documents in the appendix.

Here, appellant filed her designation and listed twenty-four assignments of error and the contents of the appendix. Appellee filed a designation listing additional documents that he wanted included in the appendix. Appellant failed to include all of appellee's documents in the appendix, as required by Rule 5A:25(d). In addition, appellant failed to comply with Rule 5A:25(e), which requires that the documents in the appendix be in chronological order.

Rule 5A:20 sets forth the requirements for appellant's opening brief, including the assignments of error. Appellant's opening brief includes sixteen assignments of error; however, the fifth, seventh, tenth, eleventh, thirteenth, and fourteenth assignments of error raise new issues not previously designated by appellant. Therefore, we will not consider them.

B. Rules 5A:18 and 5A:20 – Assignments of Error 1, 2, 3, 4, 6, 8, 9, 12, and 15

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." During the hearing when appellee presented the final decree, appellant stated, "I'm going to object to it all." Appellant did not sign the final decree; instead, the trial court noted that she objected to the entry of the final decree. Appellant did not file any specific written objections, but she did file a letter that stated, "I also object to the entirety of the divorce decree, and plan to appeal to the Court of Appeals."

A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*). An endorsement of "seen and objected to," however, is sufficient "if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Herring v. Herring, 33 Va. App. 281, 286,

- 4 -

532 S.E.2d 923, 927 (2000) (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)). The trial court's rulings encompassed issues regarding custody, visitation, child support, spousal support, equitable distribution, attorney's fees, and the GAL's fees. The rulings were not "narrow enough to make obvious the basis" of appellant's general objection to the entire decree. Id.

However, in a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Lee, 12 Va. App. at 515, 404 S.E.2d at 738. Appellant did not file a motion to set aside the verdict or a motion to reconsider. In her closing argument, she argued for sole legal and physical custody, but did not mention appellee's alleged abusive behavior and alleged drinking issues, which were the subjects of her first three assignments of error. Therefore, the first, second, and third assignments of error were not preserved.

Appellant stated in her sixth assignment of error that the trial court erred in failing to consider her proposed scheme of equitable distribution. In her closing argument, appellant made several requests for equitable distribution, including a blanket request for $43,175. Appellee's counsel objected to appellant's request and argued that she did not submit documentation to support her request. The trial court asked appellant to respond, and appellant stated that she provided evidence of her debts in discovery. The trial court noted that there was no evidence submitted during the hearing. Therefore, appellant's sixth assignment of error was not preserved since she did not submit the necessary documentation to the trial court to support her argument.

In her eighth assignment of error, appellant asserts the trial court erred in its distribution of the vehicles, and specifically the distribution of the 2003 Honda Accord that appellee traded for a newer car. However, appellant did not mention the 2003 Honda Accord in her closing

argument. Her only reference to the vehicles was that she be allowed to keep her car, a 2006 Honda Pilot, which the trial court awarded to her.

In her twelfth assignment of error, appellant contends the trial court erred in its calculation of child support, termination of spousal support, and awards of attorney's fees and the GAL's fees. Although appellant requested child support and spousal support, the arguments that she makes on appeal differ from the arguments she made in the trial court. On appeal, she contends the trial court did not consider the factors in Code § 20-107.1 before terminating her spousal support. Appellant did not make this argument in the lower court. In her brief, appellant argued that the trial court's award of child support was erroneous because she was not working at the time of the hearing.[5] However, when appellee presented the final decree for entry, appellant argued that the trial court erred in its calculation of child support because she was not earning the amount imputed to her. As with the argument for spousal support, the argument on appeal regarding child support differs from what was presented to the trial court. Appellant also raises arguments regarding the awards of attorney's fees and the GAL's fees for the first time on appeal. Since we "will not consider an argument on appeal which was not presented to the trial court," we will not consider appellant's twelfth assignment of error. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Furthermore, appellant did not state where any of her assignments of error were preserved in the trial court as required by Rule 5A:20(c), which states that the opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."

---

[5] The trial court imputed income to her when it calculated child support.

C.  Rule 5A:20(e) – Assignments of Error 4, 6, 9, and 15

In addition to the procedural defaults above, appellant also failed to comply with Rule 5A:20(e), which provides that the appellant shall include the "standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Appellant has the burden of showing that reversible error was committed.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Unsupported assertions of error "do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

For her fourth and fifteenth assignments of error, appellant failed to include the standard of review and legal authority to support her arguments that the trial court erred in granting appellee a divorce based on living separate and apart for more than one year.  She argues that she should have been granted a divorce based on adultery, cruelty, desertion, and abandonment.  She cites several cases regarding the necessity of corroboration to prove fault grounds for divorce, but these citations are not relevant to her assignments of error.  She cites one case regarding cruelty and then states that appellee allegedly threw her and caused her to have "severe head trauma."  However, appellant fails to cite to the record to show where she presented this testimony and argument to the trial court about this alleged act of cruelty.  This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

For her sixth and ninth assignments of error, appellant argues that the trial court erred in its equitable distribution award.  However, appellant did not cite any legal authority to support her arguments.  "If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."  Fadness v. Fadness, 52

Va. App. 833, 851, 667 S.E.2d 857, 866 (2008); see also Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

### D. Procedural defaults

As stated above, appellant failed to comply with numerous rules of this Court. A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that these failures to comply with Rules 5A:18, 5A:20, and 5A:25 are significant. Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008). Considering the cumulative effect of the procedural defaults, the trial court's ruling is summarily affirmed. Rule 5A:27.

### II. Attorney's fees and costs

Appellee asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that appellee is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by appellee in this appeal.

Appellant's request for reimbursement of costs associated with the appeal is denied.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

Affirmed and remanded.